Manley v. Hitchcock.

---

No. 23,834.

MELISSA S. MANLEY and S. VINETTE THOMAS, *Appellants*, v. ALMA
L. HITCHCOCK, *Appellee*.

SYLLABUS BY THE COURT.

1. ACTION TO SET ASIDE DEED AND MORTGAGE—*No Error in Record.* The record fails to show any error in the trial of this action to set aside a deed made by one of the plaintiffs to her daughters, and a mortgage given by one of the plaintiffs to her sister, the defendant, and asking partition, or in the decree entered.

2. SAME—*Statute of Limitations.* Whether the action was barred by the statute of limitation need not, in view of the result reached, be considered.

3. SAME—*Accounting and Allowance for Services Approved.* The accounting made by the trial court and the allowance to the defendant for services rendered touching the real estate involved, approved.

Manley v. Hitchcock.

Appeal from Allen district court; SHELBY C. BROWN, judge *pro tem.* Opinion filed July 8, 1922. Affirmed.

*Frank R. Forrest,* of Iola, for the appellants.

*John W. Brown, Kenneth H. Foust,* both of Iola, and *R. H. Bennett,* of El Dorado, for the appellee.

The opinion of the court was delivered by

WEST, J.: This action was brought by Melissa S. Manley, widow of Richard L. Manley, deceased, and her daughter, S. Vinette Thomas, against Alma Hitchcock, Mrs. Manley's other daughter, to set aside a deed conveying certain real estate to her daughters, reserving for herself only a life estate, for an accounting and partition.

It was alleged that this deed covered her own land as well as lands left her by her husband; that contemplating another marriage she was prevailed upon by the defendant to make this deed. ·

She further averred that it was recorded without her knowledge; that she received nothing for it, and that for these reasons it should be set aside. She also asked to have a mortgage for $1,500 set aside, and that the debt. secured thereby be applied on the distributive share of Vinette Thomas' part of the estate, and also a mortgage given to the defendant when the other mortgage was executed and which the plaintiff alleges was without consideration and was unconscionable and void. She also asked for rents and profits and for an accounting for any tracts of land sold, and alleged that the property could not be partitioned without manifest injury, and prayed that a commissioner be appointed to appraise each tract and cause the same to be sold.

The answer alleged among other things, that the deed was made at the instance of the plaintiff herself without any designs on the part of the daughters; that the loan of $1,500 evidenced by the mortgage sought to be set aside was not made by the plaintiff to S. Vinette Thomas, but by some loan company; that the defendant received none of the money secured thereby, but mortgaged some of her own property in order to help her sister secure the loan. The statute of limitation was also pleaded.

The case was tried by the Honorable Shelby C. Brown, judge *pro tem.,* who held the cause open for the submission of written briefs and argument, and. after full consideration found generally for the defendant and denied the prayer of the petition to set aside the deed

and quiet the title of part of the property in her, and refused to cancel the mortgage. The court found that the defendant should be allowed as full compensation for her services in looking after the estate the rent of certain property for a period fixed in the decree, and ordered possession to be surrendered to the plaintiff, Melissa S. Manley, and denied partition.

The plaintiffs appeal, and claim that the evidence did not warrant the conclusion reached.

Mr. Manley died in 1906, and his wife and two daughters lived together until 1913, when the daughters married and moved away. Afterwards, the mother advised them that she might remarry, although it seems she did not. There had been some talk about her leaving the property to them by will, but it is claimed that when there appeared some prospects of her remarriage they desired to have the property deeded to them, which was done, the mother reserving a life estate. The defendant had much to do with the management of the different tracts of land, a number of them being within the corporate limits of Iola; the plaintiff, S. Vinette Thomas, was a school teacher; in a general way the three got along fairly well, although there was at times some friction, and display of temper on the part of the defendant. The deed was executed in October, 1914. This suit was brought June 17, 1920, and in the petition the allegation relied on for the basis of setting aside the deed is that sometime during the year, 1914, the plaintiff contemplated remarriage and was prevailed upon by the defendant to make a deed covering all of the property she owned, reserving only a life estate therein—

"That said deed was made October 7, 1914, and included plaintiff's own land above described as well as all lands left to her by her husband, Richard L. Manley, deceased. That plaintiff did not remarry and did not receive any consideration for the making of said deed; that she reluctantly made said deed but did so to avoid friction and difficulty."

If this furnishes any reason for setting aside the deed it is merely for failure of consideration, but, be that as it may, the court after hearing all the evidence and seeing the witnesses denied the relief sought which included setting aside the mortgage made by the plaintiff, S. Vinette Thomas. This mortgage arose out of a transaction by which Mrs. Thomas secured a loan of $1,500. She received a letter in 1915 from the defendant suggesting that the deed from the mother be put on record, and a mortgage be made by Mrs. Thomas

to secure a loan she wanted to make in New Mexico to save the Iola property, and in order to enable her to do so the defendant joined in a mortgage on the Kansas property and took back a contract of indemnity from Vinette. The indemnity contract to the defendant was secured by the mortgage (now sought to be set aside) on the Kansas land. We find nothing in the record to show that the loan-company mortgage has been paid, and therefore, see no reason why the indemnity mortgage to the defendant should be set aside.

This is purely and only a fact case, no question of law on which there is any serious dispute being involved, unless it might be the statute of limitation, and in view of the result reached it is not necessary to consider that.

The testimony did not convince the trial court of fraud, duress, overreaching or undue influence by which the deed was procured, but there was considerable evidence that it was in accordance with the mutual desires that the daughters should have the property upon the death of the mother, and that any contemplated marriage should not bring about a different result.

The defendant was allowed by the trial court what was deemed proper for her services in looking for a number of years, after the various pieces of property involved in the father's estate, and the decision leaves the parties practically where it found them, and we find in the entire record no grounds for overturning the result reached.

The judgment is therefore affirmed.